**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHIRLEY A. MUHLEISEN,

　　　　Plaintiff-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of
Veterans Affairs,

　　　　Defendant-Appellee.

No. 02-1447

(D.C. No. 00-B-2276 (PAC))

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge**, McKAY** and **McCONNELL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is a *pro se* appeal of an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17. Appellant alleged discrimination based on her gender and a disability, bipolar disorder. She further alleged that

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this discrimination resulted in a failure to promote, a hostile work environment, retaliation for complaints, and other disparate treatment. Finally, Appellant alleged constructive discharge from the Veterans Administration. Reading Appellant's brief liberally, she appeals the entry of summary judgment in favor of Appellee and alleges misconduct on the part of the district court. See Ledbetter v. Topeka, Kan., 318 F.3d 1183, 1187 (2003) (stating that we construe pleadings by pro se litigants liberally).

We first address Appellant's claims that the district court deprived her of her right to object to the recommendations of the magistrate judge. Appellant alleges that, following the issuance of the magistrate judge's recommendation, the district court took less than a week to review her objections–which included a fifty-page narrative and fifty exhibits–before granting summary judgment. More precisely, Appellant claims that the district court did not read the objections before issuing its opinion, thereby depriving her of her right to object.

The only facts that Appellant provides in support of her serious accusation that the district court failed to read her objections is the length of time that the district court considered the objections and the fact that the court did not find her objections persuasive. Without more, she has not demonstrated that she was denied a right to object to the magistrate judge's recommendation. It is not necessary for the district court to repeat what is found in the magistrate judge's

recommendation if it finds no merit to the objections.

Furthermore, we note that Appellant appears to have included evidence in her objections and the attached exhibits that was not presented to the magistrate judge. The district court was under no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's recommendation. See Fed. R. Civ. P. 72(b). Nevertheless, because the district court appears to have considered the evidence introduced as exhibits to Appellant's objections, we take that evidence into consideration as part of our *de novo* review.

We also note that this case came to the district court on a motion for summary judgment and that, therefore, the district court's responsibility was not to make findings of fact but rather to determine whether any factual issues existed. Considering the magistrate judge's detailed discussion of the allegations and the supporting evidence, such a determination did not require an additional detailed explanation. Our obligation on appeal is identical to that of the district court. While we will discuss each of the issues, we, like the district court, are under no obligation to do so.

In reviewing a grant of summary judgment, we must determine whether, viewing the record in the light most favorable to the non-moving party, there exists any genuine issue of material fact. Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999);

Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995).

To prevail on her Title VII claims, Appellant bears the burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). The district court, in adopting the magistrate judge's recommendations, held that Ms. Muhleisen had failed to establish a prima facie case of discrimination with respect to the claims of failure to promote, disparate treatment, hostile work environment, and retaliation. We address these claims in turn.

With respect to the failure-to-promote claim, the district court, in adopting the magistrate judge's recommendation, held that Appellant had failed to provide evidence that any similarly-situated male employee was promoted while she was not. "An employee is similarly situated to the plaintiff if the employee deals with the same supervisor and is subject to the 'same standards governing performance evaluation and discipline.'" Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1232 (10th Cir. 2000) (quoting Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997)).

In her objections, Appellant argues that she was similarly situated with every nurse in the hospital. See Objection to Recommendation, R., Vol. II, at 3. She explains that since all nurses in the hospital were subject to temporary assignment anywhere in the hospital and corresponding temporary changes in

"first line" supervisor, all nurses in the hospital are similarly situated.

However, in examining claims of failure to promote, we must look to the supervisor with responsibility for promoting or recommending promotion. In Appellant's case, during the relevant period, she appears to have had two supervisors. The record indicates that Dr. Thomas Meyer was the supervisor with ultimate authority over Appellant's employment status and that Ms. Fletcher was her "first line" supervisor. The only male employee supervised by Dr. Meyer during the relevant time period was Mr. Roth. Therefore, as the magistrate judge concluded, Mr. Roth was the only similarly-situated male nurse for purposes of the failure-to-promote claim.

Appellant argues that she had a different "first line" supervisor than Mr. Roth, but Appellant has not shown that her "first line" supervisor, Ms. Fletcher, was involved in the denial of Appellant's promotion. Furthermore, Appellant has provided no evidence of any male nurse other than Mr. Roth who was supervised by Dr. Meyer during the relevant period. Likewise, Appellant has not alleged that Mr. Roth was promoted while she was not. Therefore, we agree with the district court and the magistrate judge that Appellant failed to establish a prima facie case of failure to promote.

Appellant's claim of disparate treatment involves similar issues. Appellant argues that she was treated differently (i.e. given less desirable assignments than

nurses with the same or less qualifications, demoted from a position of "charge nurse," denied assignments befitting her level of experience and education) than similarly situated male nurses. With respect to this claim, Appellant is again required to show that she was treated differently than a similarly situated male nurse. During the relevant time period for this claim, Mr. Roth is again the only nurse with the same supervisor. Therefore, Appellant must show that she was treated differently than Mr. Roth.

In her objections and the accompanying exhibits, Appellant provides many examples of the menial assignments she was given as well as descriptions of her accomplishments and abilities. These facts indicate that Appellant was often assigned tasks that could be accomplished by less qualified personnel. Appellant's exhibits also suggest that she was transferred to a position that involved less managerial and supervisory responsibilities than she had previously been given.

Nevertheless, as the magistrate judge observed, the record clearly indicates that Mr. Roth was given similar assignments and was occasionally required to perform tasks that could have been performed by less qualified personnel. Likewise, Appellant has not shown that she was given less desirable assignments than, or that she was demoted and then replaced by, a similarly-situated male employee. Therefore, we agree with the district court's adoption of the magistrate

judge's conclusion that there was no evidence of disparate-treatment gender discrimination.

Appellant also alleged that the hospital fostered a hostile work environment. Throughout her objections, Appellant points to evidence that she was treated poorly by some supervisors and co-workers. In particular, on pages 38 and 39 of her objections, she alleges pranks, theft, vandalism, slander, and other mistreatment by co-workers and supervisors. While many of these allegations are unsupported by evidence in the record, for summary judgment purposes, we will assume the validity of Appellant's claims. Nevertheless, even assuming the truth of Appellant's claims, Appellant has produced no evidence–either in the form of statements, comments, or conduct–from which we can infer hostility *based on gender*. As the magistrate judge explained, Ms. Muhleisen must submit evidence of a work environment hostile *to women* because of their gender. She has failed to do so. Summary judgment on this point was therefore appropriate.

Appellant also appeals the dismissal of her retaliation claim. Appellant alleges that she made several complaints, both formal and informal, to her supervisors and that each complaint was followed shortly by an adverse employment action.

> To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in protected opposition to

discrimination, (2) his employer subjected him to an adverse employment action subsequent to the protected activity, and (3) a causal connection exists between the protected activity and the adverse employment action.

Pastran v. K-Mart Corp., 210 F.3d 1201, 1205 (10th Cir. 2000) (citing McGarry v. Bd. of County Comm'rs of the County of Pitkin, 175 F.3d 1193, 1201 (10th Cir. 1999)). To qualify as an adverse employment action, the action must "adversely affect [the employee's] status as an employee." See Sanchez v. Denver Pub. Schs., 164 F.3d 527, 533 (10th Cir. 1998).

Appellant alleged several instances of retaliation. The magistrate judge recommended dismissing all of them. The magistrate judge concluded (1) that some of the alleged instances of retaliation occurred prior to any alleged protected activity, (2) that some of the alleged actions did not qualify as adverse employment actions, and (3) that the remaining actions might qualify as adverse employment actions but Appellant failed to establish a causal connection between the protected activity and the adverse actions.

We agree with the district court and the magistrate judge that most of the alleged retaliatory actions (i.e. general mistreatment, reprimands, and derogatory comments) do not qualify as adverse employment actions because they did not affect Appellant's employment status or compensation. For the reasons explained by the magistrate judge, those allegations do not raise factual inferences of retaliation.

However, the magistrate judge concluded that Appellant's claims that she was denied a two-step pay raise and 300 hours of leave in 1999 do qualify as adverse employment actions because they affect her compensation. Nevertheless, the magistrate judge also concluded that Appellant had failed to establish a genuine issue of material fact of a causal connection between the adverse employment action and her complaints.

"A causal connection is established where the plaintiff presents evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Corneveaux v. CUNA Mut. Ins. Group, 76 F.3d 1498, 1507 (10th Cir. 1996) (internal citation and quotation omitted). A plaintiff need only establish a circumstantial case "that justif[ies] an inference of retaliatory motive." Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir. 1982).

With respect to her claims that she was denied a two-step pay raise and 300 hours of leave, Appellant has supplied no new evidence in her objections that was not considered by the magistrate judge. Therefore, there is no reason to repeat the exhaustive discussion of these issues provided by the magistrate judge in the Recommendation. For the reasons given by the magistrate judge, we conclude that Appellant has failed to establish, even by circumstantial evidence, a genuine issue of causation with respect to the denied pay raise and leave.

Finally, the magistrate judge recognized two other alleged retaliatory actions that could qualify as adverse employment actions but which occurred prior to any protected activity by Appellant. These two actions include a delay in promotion and the denial of performance reviews for 1996-97. In reaching this conclusion, the magistrate judge determined that Appellant had not demonstrated that she had complained to her supervisors on any specific occasion prior to her first EEO charge on September 12, 1997.

In her objections, Appellant provided new evidence not given to the magistrate judge, which she characterizes as three instances of protected activity prior to the September 12, 1997, EEO charge. The first alleged instance is an EEO charge that she filed in 1996 but then withdrew prior to any alleged retaliation. Appellant has alleged no causal connection between this charge and any retaliatory action.

The second instance includes two worker's compensation claims filed in February and May of 1997. Appellant alleges that these claims led to the denial of a promotion several months later–an action which would qualify as an adverse employment action. However, Appellant has failed to identify which individuals were involved in the processing of the worker's compensation claim prior to the denial of the promotion or even which supervisors might be aware of the claims. Furthermore, as discussed by the magistrate judge, Appellant has failed to

establish that her supervisors made any effort to withhold the promotion from her.

The final alleged instance of protected activity prior to September 1997, was an e-mail to her supervisors on July 21, 1997, in which she expresses her concern that her skills as a nurse are being underutilized. See Objection to Recommendation, R., Vol. II, at 43, and Exhibit 29. Appellant has not explained how this e-mail was related to her delayed promotion or that it was even sent to anyone involved in the promotion process. Appellant has, therefore, failed to establish the existence of a genuine issue of material fact of a causal connection between these actions and her prior complaints. We therefore conclude that summary judgment on the retaliation claim was not in error.

Finally, we turn to Appellant's claim of constructive discharge. The magistrate judge concluded that Appellant had failed to provide evidence that her working conditions were "objectively unreasonable." Instead, Appellant showed evidence that her subjective expectations were not met and that she had personal conflicts with supervisors and co-workers. None of this is sufficient to show objective unreasonableness. For the reasons articulated by the magistrate judge, we conclude that the constructive discharge claim was properly dismissed.

Following a thorough review of the record, the briefs, the magistrate judge's recommendation, and Appellant's lengthy objections to the magistrate judge's recommendation, we conclude that for reasons substantially the same as

those adopted by the district court in its Order dated September 17, 2002, the district court did not err in granting Appellee summary judgment.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge